**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| **LEON and MARIANELA PACKER**, | ) Case No. |
| | ) |
| Plaintiffs, | ) **COMPLAINT AND JURY DEMAND** |
| | ) |
| vs. | ) |
| | ) |
| **FINANCIAL RECOVERY SERVICES,** | ) |
| **INC.,** | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1.    This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district, Plaintiffs reside in this district, and Defendant transacts business in this district.

**PARTIES**

4.    Plaintiffs Leon Packer ("Mr. Packer") and Marianela Packer ("Mrs. Packer")

COMPLAINT - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

(collectively, "Plaintiffs") are natural persons who at all relevant times resided in the State of Washington, County of Snohomish, and City of Everett.

5.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant Federal Recovery Services, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9.      Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a GE Capital Retail Bank personal credit card with account number ending in 3146 (the "Debt").

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11.     Plaintiffs, via their counsel, sent written correspondence dated March 7, 2012 to Defendant regarding the Debt, stating in relevant part:

> Please be advised that this office represents the above-named individual regarding claims against your company pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and/or State law.

COMPLAINT - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office, and further, please consider this letter an express and unequivocal revocation of any permission our client may have provided you to call them.

(See March 7, 2012 Correspondence, attached as Exhibit A).

12.     Upon information and good-faith belief, Defendant received Plaintiffs' notice of representation on or about March 14, 2012.

13.     Despite having received Plaintiffs' notice of representation, Defendant sent written communication dated November 6, 2012, directly to Mrs. Packer, and in such communication demanded payment of the Debt.   (See November 6, 2012 Correspondence, attached as Exhibit B).

14.     Defendant's November 6, 2012 communication failed to inform Plaintiffs that the Debt would accrue interest.

15.     Upon information and good-faith belief, the Debt was accruing interest.

16.     Defendant's November 6, 2012 communication was misleading to the "least sophisticated consumer" who could readily conclude that the total account balance stated as due was due *at any time,* when in fact it was not, and was subject to adjustment on a periodic basis.

17.     Defendant's omission of material information in its November 6, 2012 communication would deceive or mislead the least sophisticated consumer as to the character and amount of the Debt.

18.     Defendant's November 6, 2012 initial written communication failed to clearly and effectively state the amount of the debt as required pursuant to 15 U.S.C. § 1692g(a)(1).

COMPLAINT - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

19.     Despite having received Plaintiffs' notice of representation, Defendant, by and through its agent and/or employee, "Dana Thompson," placed a call to Mr. Packer's cellular telephone on November 7, 2012 at 8:24 A.M.

20.     Plaintiffs' counsel did not consent to any direct communication with Plaintiffs.

21.     At no time did Plaintiffs' counsel fail to respond within a reasonable period of time to a communication from Defendant.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**

22.     Plaintiffs repeat and re-allege each and every factual allegation above.

23.     Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiffs directly with knowledge that Plaintiffs were represented by counsel.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a)   Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

   b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e)   Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

   f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

24.     Plaintiffs repeat and re-allege each and every allegation above.

COMPLAINT - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

25.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

    b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e)  Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

    f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

26.     Plaintiffs repeat and re-allege each and every allegation above.

27.     Defendant violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with the collection of the Debt, including, but not limited to: misrepresenting the amount of the Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692g(a)(1)**

28.     Plaintiffs repeat and re-allege each and every allegation above.

29.     Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its November 6, 2012 initial correspondence or within five (5) days thereafter.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

COMPLAINT - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**TRIAL BY JURY**

30.     Plaintiffs are entitled to and hereby demand a trial by jury.


Respectfully submitted this _____day of May, 2013.



s/Jon N. Robbins
Jon N. Robbins WSBA#28991
WEISBERG & MEYERS, LLC
Attorney for Plaintiffs

COMPLAINT - 7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com